**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------

FANNI GOLDMAN,

            Plaintiff,

    v.

BROOKLYN CENTER FOR
PSYCHOTHERAPY, INC.,

       Defendant.

**CIV. NO. 15-2572**

**COMPLAINT**

**JURY TRIAL DEMANDED**

-------------------------------------------------------------

    Plaintiff, FANNI GOLDMAN ("Plaintiff"), by and through her undersigned counsel, EISENBERG & BAUM, LLP, as and for her Complaint against Defendant, BROOKLYN CENTER FOR PSYCHOTHERAPY, INC. ("Defendant" or "BCP"), hereby alleges as follows:

**PRELIMINARY STATEMENT**

    1.    Fanni Goldman is a deaf individual who communicates primarily in American Sign Language ("ASL"), which is her expressed, preferred, and most effective means of communication. Plaintiff brings this action because of Defendant's unlawful discrimination against her and its failure to accommodate by ensuring effective communication with her. Defendant flatly refused to serve Ms. Goldman, because of her disability, when she requested an appointment for her son on two occasions in 2014.

    2.    Plaintiff brings this lawsuit to compel Defendant to cease unlawful discriminatory practices and implement policies and procedures that will ensure effective communication, full

1

and equal enjoyment, and a meaningful opportunity to participate in and benefit from Defendant's health care services. Plaintiff seeks declaratory, injunctive, and equitable relief; compensatory and punitive damages; and attorneys' fees and costs to redress Defendant's unlawful discrimination on the basis of disability in violation of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 et seq. and its implementing regulation, 28 C.F.R. Part 36; Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794; the New York Human Rights Law ("NYHRL"), N.Y. Exec. L. § 290 et seq.; the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 et. seq.; and other state and common law causes of action.

## THE PARTIES

3.      Plaintiff FANNI GOLDMAN brings this action and is an individual residing at 2750 East 26th Street, Brooklyn, New York 11235. Plaintiff FANNI GOLDMAN is deaf, primarily communicates in American Sign Language, and is substantially limited in the major life activities of hearing and speaking within the meaning of federal, state, and local anti-discrimination laws.

4.      Defendant, BROOKLYN CENTER FOR PSYCHOTHERAPY INC., at all times hereinafter mentioned, has been licensed and doing business in the State of New York with a principal place of business at 300 Flatbush Avenue, Brooklyn, NY 11217. Defendant is a place of public accommodation under federal, state, and local antidiscrimination laws and is a recipient of federal financial assistance. Thus, it is subject to the requirements of the ADA, Section 504 of the Rehabilitation Act, the New York Human Rights Law, and the New York City Human Rights Law.

## JURISDICTION & VENUE

5.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims arising under federal law, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's claims arising under state and local law.

6.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because the Defendant resides within the jurisdiction of this district, and a substantial part of the events that give rise to the claims occurred in this district.

## STATEMENT OF FACTS

7.     Ms. Goldman is a deaf individual who primarily communicates in American Sign Language.

8.     On November 11, 2014, at approximately 3:30pm, Ms. Goldman placed a call to BCP using a Sorenson Video Relay Service (VRS).

9.     The person who took the call was one Ms. Arroyo, first name not then given, who represented herself to be a Director at BCP.

10.     Upon information and belief, Ms. Goldman was speaking with Raquel Arroyo, L.C.S.W., B.C.D., Director of Clinical Services at BCP.

11.     Ms. Goldman requested an appointment for her son, a minor who was then seven years of age.

12.     Ms. Goldman's son has psychiatric conditions requiring medical treatment.

13.     Unprompted, and without Ms. Goldman having requested any accommodation, Ms. Arroyo told Ms. Goldman that BCP would not provide an ASL interpreter.

14.     Ms. Arroyo refused to schedule an appointment, and instead repeated that BCP would not provide an ASL interpreter.

15.     Ms. Arroyo informed Ms. Goldman that she could instead contact either "Advocacy for the Blind" or "Coney Island Hospital," either of which would supply an interpreter.

16.     Ms. Arroyo's tone throughout this conversation was rude, dismissive, and disrespectful.

17.     The VRS interpreter explained to Ms. Arroyo that such a blanket refusal to accommodate was discriminatory and unlawful.

18.     Ms. Arroyo then hung up, ending the call.

19.     On or about December of 2014, Ms. Goldman called BCP once more and spoke with Ms. Arroyo, again requesting an appointment for her son.

20.     Ms. Arroyo again stated, in similar tone and terms, that BCP would not provide interpreter services and that Ms. Goldman should look elsewhere.

21.     Upon information and belief, based on the foregoing conversations, Defendant refuses to serve deaf individuals.

22.     Upon information and belief, based on the foregoing conversations, Defendant refuses to hire qualified onsite sign language interpreters as a matter of policy and practice.

23.     Defendant, as a health care provider, knew or should have known of its obligations under the ADA, Section 504, the NYHRL, and the NYCHRL to provide accommodations to individuals with disabilities, including individuals who are deaf or hard of hearing.

24.     Defendant, as a health care provider, knew or should have known that it had an obligation to individuals who are deaf or hard of hearing under the ADA, Section 504, the NYHRL, and the NYCHRL to develop policies to promote compliance with these statutes and to provide reasonable accommodations, including but not limited to the provision of an ASL interpreter, to ensure effective communication.

25.     Defendant's staff knew or should have known that their actions and/or inactions created an unreasonable risk of causing Plaintiff greater levels of fear, anxiety, indignity, humiliation, and/or emotional distress than a hearing person would be expected to experience.

26.     It is reasonably foreseeable that Plaintiff will seek the services of BCP in the future,

either by choice or necessity, as she lives within the same borough as BCP and requires psychiatric care for her son.

27.     Based on Plaintiff's observations of Defendant's conduct, the refusal to offer onsite sign language interpreting services is the result of a policy or practice of Defendant to discourage the use of onsite interpreters without regard to whether other methods will provide effective communication.

28.     Based on Defendant's previous denial of effective communication for Plaintiff, it is reasonably foreseeable that Defendant will fail to accommodate Plaintiff or other deaf individuals in the future, as Defendant's conduct is part of a discriminatory and deliberately indifferent policy, pattern, and/or practice.

29.     Plaintiff is aware of discriminatory barriers to access at BCP and is thereby deterred from accessing BCP's healthcare services because of the discrimination she has faced and expects to face in the future.

30.     Defendant intentionally discriminated against Plaintiff and acted with deliberate indifference to her communication needs, causing her to endure humiliation, fear, anxiety, and emotional distress.

## COUNT I: VIOLATIONS OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

31.     Plaintiff repeats and realleges all preceding paragraphs in support of this claim.

32.     At all times relevant to this action, Title III of the ADA, 42 U.S.C. § 12181, et seq. was in full force and effect and applied to Defendant's conduct.

33.     At all times relevant to this action, the United States Department of Justice regulations implementing Title III of the ADA, 28 C.F.R. Part 36, were in full force and effect and

applied to the Defendant's conduct.

34.     At all times relevant to this action, Plaintiff has been substantially limited in the major life activities of hearing and speaking, and is therefore an individual with a disability within the meaning of the ADA, 42 U.S.C. § 12102(2).

35.     Defendant owns, leases, and/or operates a place of public accommodation within the meaning of the ADA, 42 U.S.C. § 12181(7)(F).

36.     Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

37.     Title III of the ADA defines discrimination to include denying participation or offering unequal or separate benefit to individuals with disabilities. 42 U.S.C. § 12182(b)(1)(A).

38.     Title III of the ADA further defines discrimination to include "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services." 42 U.S.C. § 12182(b)(2)(A)(iii).

39.     Defendant discriminated against Plaintiff on the basis of her disability by: (1) denying Plaintiff an equal opportunity to participate in and benefit from Defendant's goods, services, facilities, privileges, advantages, and/or accommodations, in violation of 42 U.S.C. § 12182(b)(1)(A); and (2) failing to ensure effective communication through the provision of onsite qualified sign language interpreters, in violation of 42 U.S.C. § 12182(b)(2)(A).

40.     On information and belief, the refusal to offer onsite interpreter services is the result of a policy or practice of Defendant to prohibit or impede the use of onsite qualified sign language

interpreters without regard to whether other methods will provide effective communication.

41.     As set out above, absent injunctive relief there is a clear risk that Defendant's actions will recur with Plaintiff and/or other deaf patients or family members.

42.     Plaintiff is therefore entitled to injunctive relief, as well as an award of attorney's fees, costs, and disbursements pursuant to the ADA, 42 U.S.C. § 12188(a)(1) and/or common law.

## COUNT II: VIOLATIONS OF SECTION 504 OF THE REHABILITATION ACT

43.     Plaintiff repeats and realleges all preceding paragraphs in support of this claim.

44.     At all times relevant to this action, Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 was in full force and effect and applied to the Defendant's conduct.

45.     At all times relevant to this action, the United States Department of Health and Human Services ("HHS") regulations implementing Section 504 of the Rehabilitation Act, 45 C.F.R. Part 84, were in full force and effect and applied to the Defendant's conduct.

46.     At all times relevant to this action, Plaintiff has had substantial limitations to the major life activities of hearing and speaking, and has been an individual with a disability within the meaning of the Rehabilitation Act, 29 U.S.C. § 705(9).

47.     At all times relevant to this action, Defendant received federal financial assistance, including Medicaid reimbursements, and was principally engaged in the business of providing health care. Therefore, Defendant's hospital is a program or activity receiving federal financial assistance pursuant to 29 U.S.C. § 794(b).

48.     Pursuant to Section 504 of the Rehabilitation Act, "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794.

49.     Defendant has discriminated against Plaintiff, solely on the basis of her disability, by denying her meaningful access to the services, programs, and benefits the Defendant offers to other individuals, and by refusing to provide auxiliary aids and services necessary to ensure effective communication, in violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

50.     On information and belief, the refusal to offer onsite ASL interpreter services is as a result of a policy or practice of Defendant to prohibit or impede the use of onsite qualified sign language interpreters without regard to whether other methods will provide effective communication.

51.     As set out above, absent injunctive relief there is a clear risk that Defendant's actions will recur with Plaintiff and/or other deaf patients or family members.

52.     Plaintiff is therefore entitled to seek and recover compensatory damages for the injuries and loss she sustained as a result of Defendant's discriminatory conduct and deliberate indifference as hereinbefore alleged, pursuant to 29 U.S.C. § 794(a).

53.     Plaintiff is further entitled to an award of attorney's fees, costs, and disbursements pursuant to the Section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a) and/or common law.

## COUNT III: VIOLATIONS OF THE NEW YORK HUMAN RIGHTS LAW

54.     Plaintiff repeats and realleges all preceding paragraphs in support of this claim.

55.     At all times relevant to this action, the New York State Human Rights Law, Article 15 of the New York Executive Law § 290 et seq., was in full force and effect and applied to Defendant's conduct.

56.     At all times relevant to this action, Plaintiff has had substantial impairments to the major life activities of hearing and speaking and has been a qualified individual with a disability within the meaning of the NYHRL, N.Y. Exec. L. § 292(21).

57.     At all times relevant to this action, Defendant's facilities have been places of public accommodation within the meaning of the NYHRL, N.Y. Exec. L. § 292(9).

58.     Pursuant to N.Y. Exec. L. § 296(2)(a), "[i]t shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation, because of the . . . disability . . . of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof . . . to the effect that any of the accommodations, advantages, facilities and privileges of any such place hall be refused, withheld from or denied to any person on account of . . . disability . . . or that the patronage or custom thereat of any person of or purporting to . . . having a disability is unwelcome, objectionable or not acceptable, desired or solicited."

59.     Pursuant to N.Y. Exec. L. § 296(2)(c), discrimination includes "refusal to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford facilities, privileges, advantages or accommodations to individuals with disabilities."

60.     Defendant discriminated against Plaintiff by withholding the accommodations, advantages, facilities or privileges of Defendant's place of public accommodation, in violation of N.Y. Exec. L. § 296(2)(a), and by failing to accommodate Plaintiff's disability in violation of N.Y. Exec. L. § 296(2)(c).

61.     Defendant further discriminated against Plaintiff by failing to ensure effective communication through an onsite interpreter.

62.     As set out above, absent injunctive relief there is a clear risk that Defendant's actions will recur with Plaintiff and/or additional deaf patients or family members.

63.     Plaintiff is therefore entitled to seek and recover compensatory damages for the injuries and loss sustained as a result of Defendant's discriminatory conduct as hereinbefore alleged pursuant to N.Y. Exec. L. § 297(9).

## COUNT IV: VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW

64.     Plaintiff repeats and realleges all preceding paragraphs in support of this claim.

65.     At all times relevant to this action, the New York City Human Rights Law ("NYCHRL"), New York City Administrative Code § 8-101 et. seq. was in full force and effect and applied to Defendant's conduct.

66.     At all times relevant to this action, Plaintiff has had substantial impairment to the major life activities of hearing and speaking and is a qualified individual with a disability within the meaning of N.Y.C. Admin. Code § 8-102(16).

67.     At all times relevant to this action, Defendant's facilities have been a place of public accommodation within the meaning of N.Y.C. Admin. Code § 8-102(9).

68.     Under the NYHRL, places of public accommodation are required to make reasonable accommodations for persons with disabilities, and may not "refuse, withhold from or deny to such [disabled] person any of the accommodations, advantages, facilities or privileges thereof."   N.Y.C. Admin. Code § 8-107(4)(a).

69.     Additionally, under the NYCHRL, a place of public accommodation "shall make reasonable accommodation to enable a person with a disability to . . . enjoy the right or rights in question provided that the disability is known or should have been known by the covered entity." N.Y.C. Admin. Code § 8-107(15)(a).

70.     The NYCHRL also explicitly allows associational discrimination claims: "The provisions of this section set forth as unlawful discriminatory practices shall be construed to

10

prohibit such discrimination against a person because of the actual or perceived disability of a person with whom such person has a known relationship or association."   N.Y.C. Admin. Code § 8-107(20).

71.     Defendant discriminated against the Plaintiff on the basis of her disability by withholding the accommodations, advantages, facilities or privileges of Defendant's medical services, in violation of N.Y.C. Admin. Code § 8-107(4), and by failing to accommodate Plaintiff's disability in violation of N.Y.C. Admin. Code § 8-107(15)(a).

72.     As set out above, absent injunctive relief there is a clear risk that Defendant's actions will continue to reoccur with Plaintiffs and/or other deaf patients or family members.

73.     Plaintiff is therefore entitled to seek and recover compensatory damages for the injuries and loss sustained as a result of Defendant's discriminatory conduct as hereinbefore alleged pursuant to N.Y.C. Admin. Code § 8-502(a).

74.     Plaintiff is further entitled to an award of punitive damages pursuant to N.Y.C. Admin. Code § 8-502(a).

75.     Plaintiff is further entitled to an award of attorney's fees, costs, and disbursements pursuant to N.Y.C. Admin. Code § 8-502(g).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays that this Court grant the following relief:

a.     Enter a declaratory judgment, pursuant to Rule 57 of the Federal Rules of Civil Procedure, stating that Defendant's policies, procedures, and practices have subjected Plaintiff to unlawful discrimination in violation of Title III of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, the New York Human Rights Law, and the New York City Human Rights Law;

      b.   Enjoin Defendant from implementing or enforcing any policy, procedure, or practice that denies deaf or hard of hearing individuals meaningful access to and full and equal enjoyment of Defendant's facilities, services or programs;

      c.   Order Defendant:

         i.   to develop, implement, promulgate, and comply with a policy prohibiting future discrimination against Plaintiff or other deaf or hard of hearing individuals by failing to provide effective communication;

        ii.   to develop, implement, promulgate, and comply with a policy requiring that when a deaf or hard of hearing individual requests an onsite interpreter for effective communication, one will be provided as soon as practicable in all services offered by Defendant;

        iii.   To develop, implement, promulgate, and comply with a policy to ensure that Defendant will notify individuals who are deaf or hard of hearing of their right to effective communication. This notification will include posting explicit and clearly worded notices that Defendant will provide sign language interpreters, videophones, and other communication services to ensure effective communication with deaf or hard of hearing persons;

        iv.   to develop, implement, promulgate, and comply with a policy to ensure, in the event the Defendant utilizes a Video Remote Interpreting System ("VRI"), that such system has a high-speed Internet connection; a video screen with appropriate size, position, capture angle, focus, and proximity to the deaf individual; and appropriate audio quality. When possible, the equipment should be portable and made available to the patient where the

patient is located, preferably in a private room to minimize distractions and maintain confidentiality;

v.  to develop, implement, promulgate, and comply with a policy to ensure that deaf or hard of hearing patients are able to communicate through the most appropriate method under the circumstances, recognizing that the VRI is not appropriate in all medical situations;

vi.  to create and maintain a list of American Sign Language interpreters and ensure availability of such interpreters at any time of day or night;

vii.  to train all its employees, staff, and other agents on a regular basis about the rights of individuals who are deaf or hard of hearing under the ADA, Rehabilitation Act, NYHRL, and NYCHRL;

viii.  to train all its employees, staff, and other agents on a regular basis about Defendant's policy regarding how to properly use VRI services (including how to set up the VRI system and how to obtain technical assistance in case of system malfunction or failure) and how to obtain interpreters when reasonably requested by deaf or hard of hearing patients;

d.  Award to Plaintiff:

i.  Compensatory damages pursuant to Section 504 of the Rehabilitation Act, the NYHRL, and the NYCHRL;

ii.  Punitive damages pursuant to the NYCHRL;

iii.  Reasonable costs and attorneys' fees pursuant to the ADA, Section 504 of the Rehabilitation Act, and the NYCHRL;

iv.  Interest on all amounts at the highest rates and from the earliest dates allowed

by law;

v.    Any and all other relief that this Court finds necessary and appropriate.

## JURY DEMAND

Plaintiff demand trial by jury for all of the issues a jury properly may decide, and for all of

the requested relief that a jury may award.

Respectfully submitted,


EISENBERG & BAUM, LLP

By: _____

Eric M. Baum, Esq. (EB-5493)
ebaum@EandBlaw.com


Andrew Rozynski, Esq. (AR-2870)
arozynski@EandBlaw.com


Attorneys for Plaintiffs
Office and Post Office Address
24 Union Square East, Fourth Floor
New York, NY  10003
(212) 353-8700

14