UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
FANNI GOLDMAN,

                Plaintiff,

        - against -

BROOKLYN CENTER FOR
PSYCHOTHERAPY, INC.,

                Defendant.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
15-CV-2572 (PKC) (PK)

PAMELA K. CHEN, United States District Judge:

Defendant Brooklyn Center for Psychotherapy, Inc. ("BCP") filed this action on March 22, 2018 (Dkt. 58), seeking reconsideration of the Court's March 19, 2018 Order denying BCP's motion for summary judgment (*see* Dkt. 57). For the reasons stated herein, BCP's motion is denied.

## BACKGROUND

On May 5, 2015, Plaintiff filed this action alleging that BCP failed to reasonably accommodate her hearing disability in violation of the Americans with Disabilities Act ("ADA"), the Rehabilitation Act, the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). (Dkt. 1.)[1] The parties completed discovery on August 3, 2016. BCP moved for summary judgment on March 8, 2017. (Dkt. 47.) Plaintiff filed a cross-motion for partial summary judgment on the issue of liability on March 9, 2017. (Dkt. 50.) At Plaintiff's request, the Court held oral argument on the parties' cross-motions on March 15, 2018. (Dkt. 53.) The dispositive issue with respect to summary judgment was whether the record

---

[1] The Court assumes the parties' familiarity with the facts of this case.

contains sufficient evidence for a jury to find that Plaintiff's disability was a "substantial cause" of BCP's denial of mental health services to Plaintiff's son. *See Henrietta D. v. Bloomberg*, 331 F.3d 261, 279 (2d Cir. 2003). The Court found that it did, and denied the parties' cross-motions for summary judgment on March 19, 2018. (Dkt. 57.) On March 22, 2018, BCP filed its motion for reconsideration. (Dkt. 58.) Plaintiff opposed BCP's reconsideration motion on April 4, 2018 (Dkt. 60), and BCP filed its reply on April 9, 2018 (Dkt. 61).

## STANDARD OF REVIEW

Under Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3, the decision to grant or deny a motion for reconsideration "is within the sound discretion of the district court . . . and is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Hernandez v. Doe*, 16-CV-2375 (KAM)(LB), 2016 WL 7391989, at *2 (E.D.N.Y. Dec. 21, 2016) (citing *Mangino v. Inc. Vill. of Patchogue*, 814 F. Supp. 2d 242, 247 (E.D.N.Y. 2011)). Generally, a motion for reconsideration will be "denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). It is "well-settled" that a motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted).

## DISCUSSION

In its motion for reconsideration, BCP makes two arguments. First, BCP argues that Plaintiff's ADA claim is moot now that BCP has contracted with a company called Sign Talk to provide American Sign Language (ASL) interpreter services for deaf and hard of hearing patients,

and because Plaintiff's son no longer needs mental health treatment. (Dkt. 58, at 8-9.)[2] Second, BCP argues that BCP did not discriminate against Plaintiff with "deliberate indifference," a requirement for awarding monetary damages under the Rehabilitation Act. (*Id.* at 9-11.) For the following reasons, the Court denies both of these arguments.

## I. Plaintiff's Arguments Are Not New

As an initial matter, Plaintiff's two arguments are not new; rather, BCP has merely recapitulated arguments made in its motion for summary judgment. (*See* Dkt. 47-1, at 19-22.) BCP has therefore failed to demonstrate an "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice" in the Court's denial of BCP's motion for summary judgment. *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). Nor does BCP identify any critical facts that the Court overlooked in its prior order. (*See generally* Dkt. 57.) However, although the Court previously considered (and rejected) these two arguments, because it did not do so explicitly in its earlier decision, it does so now.

## II. Plaintiff's Claim for Injunctive Relief under the ADA Is Not Moot

BCP first argues that Plaintiff's request for injunctive relief under the ADA, and thus her ADA claim[3], is moot. The Court disagrees.

"[A]s a general rule, 'voluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case, i.e., does not make the case moot.'" *Los Angeles Cty. v. Davis*, 440 U.S. 625, 631 (1979) (quoting *United States v. W.T. Grant Co.*, 345 U.S. 629,

---

[2] Page numbers refer to the pagination generated by the CM/ECF system, and not the document's internal pagination.

[3] Title III of the ADA only allows for injunctive relief, not damages. *Powell v. National Bd. of Med. Exam'rs*, 364 F.3d 79, 86 (2d Cir. 2004).

3

632 (1953)); *see also Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) ("[A] defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice."). A case does become moot, however, if "(1) there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Clear Channel Outdoor, Inc. v. City of New York*, 594 F.3d 94, 110 (2d Cir. 2010). "[A] party 'claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur.'" *Seidemann v. Bowen*, 499 F.3d 119, 128 (2d Cir. 2007) (citation omitted).

BCP argues that injunctive relief is moot because (1) BCP has contracted for ASL services with Sign Talk and (2) Plaintiff's son no longer needs mental health treatment. (Dkt. 58, at 8-9.) The Court finds these arguments unavailing. BCP's decision to enter into a contract with Sign Talk for interpreting services on May 29, 2015 does not mean that BCP's discriminatory behavior could not recur. The mere existence of a contract is insufficient to show that BCP has "completely and irrevocably eradicated" practices alleged by Plaintiff. *Clear Channel Outdoor*, 594 F.3d at 110. BCP could choose to end its relationship with Sign Talk at any time, thereby resurrecting the set of circumstances that prompted this litigation. *Rosa v. 600 Broadway Partners*, *LLC*, 175 F. Supp. 3d 191, 198–99 (S.D.N.Y. 2016) ("If we conclude that [plaintiff's] claims are moot, then should [defendant] determine that future litigation is unlikely, it may well calculate that its new policy is no longer the preferable course of action and revert to the old policy it prefers and apparently believes to be legal.") (quoting *Sheely v. MRI Radiology Network, P.A.*, 505 F.3d 1173, 1189 (11th Cir. 2007)). Moreover, it is still possible for BCP's employees to deny interpreter services to prospective patients despite the existence of a contract for these services with Sign

Talk. *See Heard v. Statue Cruises LLC*, 16-CV-01079 (ALC), 2017 WL 2779710 at *3 (S.D.N.Y. June 26, 2017) (holding that a mootness challenge fails where defendant cruise liner remedied the alleged ADA access violation with a "plate wedge" because "[d]efendant could simply choose to stop using the new plate wedge or its employees could inadvertently fail to do so."). In other words, should the Court dismiss this action as moot, there is nothing that prevents BCP from again violating Plaintiff's rights under the ADA.

Additionally, BCP has not shown that it has adopted proper policies to ensure that its intake procedures will no longer violate the ADA. In its opposition to BCP's motion for reconsideration, Plaintiff stated, "BCP does not, as a matter of current policy or practice, explicitly ask prospective or current patients or companions about their communication needs or preference(s)"; "BCP does not have a policy addressing the provision of interpreters"; and "BCP has not trained its staff on how to appropriately accommodate deaf or hard of hearing individuals since the filing of the Complaint in this matter." (Dkt. 60 at 10.) Indeed, BCP has provided no information that it has revised its procedures to better accommodate deaf patients. As a result, BCP has not met "the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Seidemann*, 499 at 128.

BCP has also not shown that Plaintiff's son no longer needs access to therapy or other mental health services offered by BCP. Plaintiff stated in her declaration that she and her son "would consider seeking [mental health] services at Brooklyn Center for Psychotherapy" in the future. (Dkt. 51-2.) Because Plaintiff and her son still have a "concrete interest" in seeking BCP's services, their case is not moot. *Ellis v. Bhd. of Ry., Airline & S.S. Clerks, Freight Handlers, Exp. & Station Emps.,* 466 U.S. 435, 442 (1984) ("[A]s long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot.") (citation omitted).

### III. Whether BCP Discriminated Against Plaintiff with "Deliberate Indifference" Under the Rehabilitation Act Is a Question of Fact for the Jury

BCP next argues that even if it did discriminate against Plaintiff, BCP did not discriminate with "deliberate indifference" according to the Rehabilitation Act. A plaintiff aggrieved by a violation of the Rehabilitation Act may seek all remedies available under Title VI of the Civil Rights Act of 1964 (42 U.S.C. § 2000d *et seq.*), including monetary damages. *See* 29 U.S.C. § 794a(a)(2). However, monetary damages are recoverable only upon a showing of an intentional violation, specifically "*deliberate indifference* to the strong likelihood [of] a violation." *Loeffler v. Staten Island University Hosp.*, 582 F.3d 268, 275 (2d Cir. 2009) (emphasis added). Furthermore, "[i]n the context of the Rehabilitation Act, intentional discrimination against the disabled does not require personal animosity or ill will. Rather, intentional discrimination may be inferred when a 'policymaker acted with at least deliberate indifference to the strong likelihood that a violation of federally protected rights will result from the implementation of the [challenged] policy . . . [or] custom.'" *Id.* (citation omitted). Indeed, "deliberate indifference will often be a fact-laden question, for which bright line rules are ill-suited." *Tesoriero v. Syosset Cent. Sch. Dist.*, 382 F. Supp. 2d 387, 398 (E.D.N.Y. 2005) (citation and internal quotation marks omitted).

BCP argues that Raquel Arroyo, director of Clinical Services at BCP, spent "considerable time on two different occasions speaking with plaintiff" and offered to make calls on Plaintiff's behalf to secure immediate mental health services for Plaintiff's son. (Dkt. 58, at 10.) As a result, BCP argues that a reasonable juror would find that BCP did not discriminate against Plaintiff with "deliberate indifference" under the Rehabilitation Act. The Court disagrees: whether BCP acted with deliberate indifference is a question of fact for the jury. In *Loeffler v. Staten Island*, the Second Circuit addressed a case involving a hospital's refusal to provide interpreter services to a deaf patient and wife. 582 F.3d at 275-76. In reversing the district court's granting of summary

judgment for the hospital, the Court held that a reasonable jury could conclude that "persons at the Hospital had actual knowledge of discrimination against [Plaintiffs], had authority to correct the discrimination, and failed to respond adequately." *Id.* at 277. Like *Loeffler*, the record in this case could also support a finding of deliberate indifference. Even if BCP had a general policy of providing interpreters, Ms. Arroyo told Plaintiff that Ms. Arroyo could not schedule an interpreter for Plaintiff at the time of their two conversations, and that an important part of treatment required Plaintiff's ongoing involvement as a parent, as reflected in Ms. Arroyo's notes of the conversations.

Conversely, there are certainly facts in the record that might lead a reasonable jury to conclude that BCP was not deliberately indifferent. As the Court recognized in its Summary Judgment Order, Ms. Arroyo had two extended phone conversations with Plaintiff about the best course of treatment for Plaintiff's son's mental health issues. Ms. Arroyo explained that BCP's therapy program had no slots available for Plaintiff's son and made an effort to refer Plaintiff to other hospitals in the area. Ultimately, however, the question of whether BCP discriminated against Plaintiff is one that must be resolved by a jury. *See Stamm v. New York City Transit Auth.*, 04-CV-2163 (SLT) (JMA), 2013 WL 244793 at *4 (E.D.N.Y. Jan. 22, 2013) (holding that dispute of fact regarding deliberate indifference existed where "a jury could reasonably conclude that at least one . . . official with authority to address the alleged discrimination and to institute corrective measures on Plaintiff's behalf had actual knowledge of ongoing discrimination against Plaintiff but failed to respond adequately").

## **CONCLUSION**

Because BCP has not satisfied the strict standards of Local Civil Rule 6.3 and Federal Rule of Civil Procedure 59(e), its motion for reconsideration is denied.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: April 11, 2018
       Brooklyn, New York